## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Juan C.R.R.,

      Plaintiff,

v.

Todd Blanche, Acting Attorney
General, et al.,[1]

      Defendants.

**ORDER DENYING
REQUEST TO FILE
RECONSIDERATION MOTION**
Civil File No. 26-01282 (MJD/DJF)

---

Laura Matson, Brian D. Clark, Nash Bundy Edgerton Hall, Lockridge Grindal
Nauen PLLP, Counsel for Petitioner.

David R. Hackworthy, David W. Fuller, Assistant United States Attorneys,
Counsel for Respondents.

---

The above-entitled matter comes before the Court on Respondents' letter

request to file a motion for reconsideration. (Doc. 27.) Respondents request

permission to file a formal motion for reconsideration of the Court's March 17,

2026 Order adopting Magistrate Judge Foster's Report and Recommendation

---

[1] On April 2, 2026, Todd Blanche became Acting Attorney General, replacing
Pamela Bondi.  On March 23, 2026, Markwayne Mullin became Secretary of the
Department of Homeland Security, replacing Krisi Noem, who is also a
respondent in this matter.  The Court substitutes them as respondents in their
official capacities.  Fed. R. Civ. P. 25(d).

(Doc. 15) and requiring Petitioner's immediate release from detention. (See Doc. 21.)

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and such permission can only be obtained if the party shows "compelling circumstances." L.R. 7.1(j). The district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted).

Based on the Court's review of Respondent's request, it is clear that Respondents do not even argue that the Court made a manifest error of law or fact, nor do Respondents offer new evidence that would alter the Court's Order. As Petitioner points out, Respondents' entire request is premised on the Eighth Circuit's decision in Avila. See Avila v. Bondi, 170 F.4th 1128, 1135 (8th Cir. 2026). In Avila, the Eighth Circuit determined that the petitioner was properly detained without bond pursuant to 8 U.S.C. § 1225(b)(2). Id. at 1138. This Court, however, noted in its Order that Respondents had not properly raised the

2

argument that Petitioner was subject to mandatory detention under § 1225(b)(2). (Doc. 21.) Instead, the Court granted Petitioner's petition for writ of habeas corpus on the grounds that his mandatory detention under § 1226(c) violated his due process rights. (Doc. 21.) Therefore, the Eighth Circuit's decision in <u>Avila</u> does not disturb this Court's previously holding.

Without any additional basis for reconsideration, Respondents have not demonstrated compelling circumstances to support filing a motion to reconsider.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED** that Respondents' request to file a motion for reconsideration **[Doc. 27]** is **DENIED**.

Dated:  April 22, 2026                    s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court